(20 Misc. Rep. 398.)

ZELTNER v. IRWIN.

(City Court of New York, General Term. May 29, 1897.)

CONTRACTS—PARTIES IN DIFFERENT STATES—WHAT LAW GOVERNS.
    Defendant sent by mail from his place of business in Pennsylvania to plaintiff's assignor in New York a circular offering to invest. money in "futures." Plaintiff's assignor replied by letter. Defendant then sent another circular containing a form of contract. Plaintiff's assignor, by a letter written and mailed in New York, accepted defendant's offer, and inclosed a check. *Held*, that the contract was made in New York, and was governed by the New York statute against gaming.

Appeal from trial term.

Action by Henry Zeltner against George M. Irwin. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before CONLAN and O'DWYER, JJ.

Everetts & Moffatt, for appellant.
Mortimer Stiefel, for respondent.

CONLAN, J. This is an appeal from a judgment entered upon a verdict directed at trial term. The plaintiff sues as assignee of a cause of action to recover moneys paid by the assignor to the defendant under an agreement that the defendant should speculate with these moneys in future contracts for the delivery of grain. The action was brought under the statute of the state commonly known as the "Statute against Gaming." The contention of the defendant is that the law of Pennsylvania governs, and not the law of this state, on the ground that the contract, if any, was made within the state of Pennsylvania; and this is about the only question of materiality that we are called upon to consider in dealing with the present appeal. The defendant neither gave nor offered any evidence at the trial, but relied for reversal upon his exceptions to the refusal of the court to dismiss the complaint at the close of the plaintiff's case, and upon certain other exceptions taken to the exclusion of evidence sought upon cross-examination, and to the introduction of evidence under the defendant's objection. The court based its decision for the direction of a verdict upon the ground that the contract was one made in New York, and to be governed by the laws of this state, and that the plaintiff, having proved his case under the statute, was entitled to recover. The contract in question arose substantially as follows: Plaintiff's assignor received by mail a circular letter postmarked Pittsburg, Pa., and purporting to be issued and sent by the defendant, who described himself as a banker and broker, and held out inducements for persons to invest with him upon future contracts, and what are usually termed, in other lan-

guage, "discretionary pools," for the purchase and sale and future delivery of grain. Upon the receipt of the letter or circular, the plaintiff's assignor shortly after sent a reply directed to the defendant at the address given, and thereupon received another letter or circular which contained a form of contract or receipt for moneys to be sent to the address given, which was that of the defendant, who was described in the circular as "Banker and Broker, Pittsburg, Pa.," and as testified to from recollections, the circular or letter having been lost, and as having his place in the Ferguson Block, Pittsburg, Pa. It also appears the offer submitted by those letters or circulars was accepted and agreed to, for they sent to the defendant from New York City an acceptance thereof, together with the moneys, amounting to $1,451.36, and these moneys the defendant admits to have received, and claims to have wholly lost the same in the speculations in which he engaged. This acceptance by letter written in New York, and the sending of the money to Pittsburg from New York, it is claimed, fixed the place of making the contract, and that the minds of the parties met here. The aid of the New York statute is then invoked for the recovery of the money so sent to the defendant. The appellant consumes much space of brief to argue for a construction that shall hold the contract to have been made without the state. We hardly think him serious in his contention that the contract is not one enforceable under the laws of this state, because of the position he assumes that, if the laws of Pennsylvania do not apply, then the laws of Illinois must, and he has not pleaded or in any manner set out the force or effect of the Illinois statute so far as to claim or obtain any benefit of its provisions, which are conceded to be opposed to the plaintiff's right to recover back moneys thus invested or parted with. We think it entirely immaterial whether the dealings under the contract were or were not to be had in the state of Illinois. Under the weight of an authority cited the trial court was right in holding the contract to have been made in New York, and the case is well stated in the following language of the trial justice at folio 166 of the appeal book, after extended arguments of counsel upon the proposition that the court had no jurisdiction of the cause of action: "It strikes me that when Irwin sent the circular to these parties by mail, and they received it, and in reply thereto sent their check or money, then the contract was made here;" and, without reviewing the authority cited, we think this inference is fully sustained. Having reached the conclusion that the contract was made in New York, we are not inclined to disturb the verdict. We have given careful consideration to the other exceptions taken by the defendant, but do not think any errors were committed by the trial justice which call for a reversal.

Judgment affirmed, with costs.

O'DWYER, J., concurs.